UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  -vs-                                                                        Case No. 1:23-cr-00948-MLG

**MARIO ENRIQUEZ-ORDONEZ,**

        **Defendant.**

## ORDER GRANTING DEFENDANT'S OPPOSED MOTION
## TO MODIFY CONDITIONS OF RELEASE

**THIS MATTER** is before the Court on defendant Mario Enriquez-Ordonez's Opposed Motion to Modify Conditions of Release, filed on March 12, 2023, 2024. Doc. 32. Through his motion, Mr. Enriquez-Ordonez is requesting that the Court allow him to obtain an Ignition Interlock License and permit him to drive the single vehicle that has an ignition interlock device installed on it. *Id.* at 5. The United States opposes the motion. Doc. 33. The pretrial services officer who supervises Mr. Enriquez-Ordonez reports that Mr. Enriquez-Ordonez has done well under supervision and that she does not oppose the requested modification. Doc. 32 at 2–3. For the following reasons, the Court GRANTS Mr. Enriquez-Ordonez's motion.

On July 12, 2022, Mr. Enriquez-Ordonez was booked into the Bernalillo County Metropolitan Detention Center for the offense of aggravated DWI (4th) and other traffic violations. Doc. 1 at 2. Shortly thereafter, a U.S. Immigration and Customs Enforcement Deportation Officer obtained a criminal complaint against Mr. Enriquez-Ordonez for illegally reentering the United States after having been removed, in violation of 8 U.S.C. §§ 1326(a) and (b). Doc. 1. It is the Court's understanding that Mr. Enriquez-Ordonez came into federal

custody on April 24, 2023, after he had completed his custodial term on the DWI offense. *See* Doc. 9; Doc. 14 at 7. On April 28, 2023, the Court released Mr. Enriquez-Ordonez to the La Pasada Halfway House on conditions, including the condition that he not drink alcohol and not drive. Doc. 16. On June 27, 2023, a federal grand jury returned an indictment against Mr. Enriquez-Ordonez, charging him with illegal reentry of a removed alien, in violation of 8 U.S.C. §§ 1326(a) and (b). Doc. 18.

  Mr. Enriquez-Ordonez did well at the Halfway House, and on August 3, 2023, the Court modified the conditions of his release and allowed him to live with his family in the third-party custody of his wife. Doc. 26. For the past seven months, Mr. Enriquez-Ordonez has demonstrated that he is neither a flight risk nor a danger to the community. His supervising officer has reported that he participates in biweekly substance abuse counseling sessions and regularly submits to testing for any prohibited substance. Doc. 32 at 2–3. All his tests for any prohibited substance, including those administered while he was at La Pasada, have yielded negative results. *See* Doc. 25 at 2; Doc. 32 at 3. He also attends AA/NA meetings. Doc. 32 at 3. And although he is not permitted to work because of his immigration status, he "volunteers regularly for two local churches, assists with remodeling of buildings and feeds the homeless, . . . [and] is supportive of his wife and daughters." *Id.* at 2. Being able to drive would assist Mr. Enriquez-Ordonez and his family by allowing him to drive himself to his volunteer activities and to run errands for the family. *See id.*

  The United States opposes the motion, arguing that Mr. Enriquez-Ordonez has been charged with a serious crime, he has been convicted of several DWI offenses, and the government does not believe that Mr. Enriquez-Ordonez can obtain a New Mexico driver's license that complies with the Real ID requirements. Doc. 33 at 2–4. Anticipating this last

argument, Mr. Enriquez-Ordonez explains that he believes he is eligible for a valid "standard" New Mexico driver's license as opposed to one that complies with the Real ID Act. *See* Doc. 32 at 3–5.

A defendant who has been released may, at any time, file "a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a)(2). In addition, under 18 U.S.C. § 3142(c)(3), the Court "may at any time amend the order [of release] to impose additional or different conditions of release." Here, the evidence shows that Mr. Enriquez-Ordonez has complied with all the conditions of his supervised release for eleven months. He has not tested positive for alcohol once over that time. He is actively engaged in substance abuse counseling and therapy, and he also is actively engaged in his community. Over the past eleven months, he has demonstrated that he is neither a flight risk nor a danger to the community. If Mr. Enriquez-Ordonez can obtain a valid New Mexico Ignition Interlock License, the Court will permit him to drive the single vehicle that has the ignition interlock device installed.

**IT IS THEREFORE ORDERED** that defendant Mario Enriquez-Ordonez's Opposed Motion to Modify Conditions of Release (Doc. 32) is GRANTED. If Mr. Enriquez-Ordonez obtains a valid New Mexico Ignition Interlock License, he is permitted to drive the single vehicle that has the ignition interlock device installed. All other conditions of release remain in effect.

DATED this 29th day of March 2024.

_____
Laura Fashing
United States Magistrate Judge